WILLIAM A. COLEMAN, RESPONDENT, v. ANNIE B. PHELPS
AND OTHERS, APPELLANTS.

*Stay of proceedings — when it should be granted during the pendency of an appeal
from an interlocutory judgment — Code of Civil Procedure, §§ 1349, 1351.*

An interlocutory judgment was entered in this action adjudging a deed given by
the plaintiff to the defendant to have been procured by fraudulent misrepre-
sentations and undue influence, and directing that it be given up and canceled,
and also providing for a reference to take and state an account of the rents
received from the premises and the payments made on account thereof. An
appeal having been taken from the interlocutory judgment, an application was
made for a stay of all further proceedings during the pendency thereof.
*Held*, that the stay should have been granted.

APPEAL from an order made at Special Term, denying the
defendant's motion for a stay of proceedings.

*Joshua M. Van Cott* and *G. McAdam*, for the appellants.

*A. G. Vanderpoel*, for the respondent.

BRADY, J.:

This action was commenced to procure the judgment of this
court declaring that a deed executed by the plaintiff to one Thomas

Coleman, his father, was obtained by fraudulent misrepresentations and an undue exercise of parental influence, and an interlocutory degree was made adjudging the deed to have been so obtained and to be utterly void, and further directing that it should be given up by the defendants to be canceled, and that the clerk of this court should cancel it by tearing off the signatures and the seals affixed thereto.

The decree further provided for a reference to take and state the accounts of the rents received from the premises covered by the conveyance and the payments made in reference to them, and making further provision for certain allowances upon the accounting to the plaintiff and to the defendants. An application was then made for a stay of proceedings founded upon an appeal from the interlocutory decree to the General Term of this court, which was denied. From the order expressive of this incident this appeal is taken.

Section 1349 of the Code of Civil Procedure declares that an appeal may be taken to the General Term of the Supreme Court from an interlocutory judgment rendered at a Special or Trial Term thereof, and section 1351 of that Code declares that such an appeal does not stay the execution of the judgment or order appealed from, unless the court, or a judge thereof, makes an order directing such a stay; and it further provides that such an order may be made, and may, from time to time, be modified upon such terms, as to security or otherwise, as justice requires. A stay of proceedings, therefore, seems to have been made dependent upon the discretion of the court or the judge to whom an application is made; but this means a legal and not an absolute discretion. In this case the interlocutory decree relates to and is dependent upon the judgment of the court declaring the deed which was assailed to have been improperly obtained and, therefore, to be null and void; and it is from that adjudication that the appeal is taken.

If, upon the appeal which was taken, the judgment should be reversed, an accounting would be unnecessary, because the plaintiff would not be entitled to it; and inasmuch as the property involved has been placed in the hands of a receiver and it is not in the power, therefore, of the defendants to prejudice the plaintiff, and as the accounting may become unnecessary, it seems to have been an erro-

neous exercise of the discretion vested in the court below to refuse the stay.

The object of the legislature in providing for such an appeal was to avoid unnecessary litigation and, therefore, unnecessary expense, which would not follow if the proceedings demanded by the interlocutory decree were carried on, and subsequently rendered futile by a reversal of the main judgment, of which the interlocutory decree was predicated.

As already suggested, if the judgment in this case declaring the deed to be void should be reversed and a new trial ordered, *non constat* but that the second trial would result in a judgment declaring the deed to be valid. And this doubt is one which should be removed with the machinery which is set in motion for that purpose, by appeal, before the ultimate proceedings are adopted and determined.

For these reasons we think that the stay should have been granted, and that the order appealed from should be reversed, but without costs.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., and BRADY, J.

Order reversed, without costs.